UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES WORTHAM, a minor, by his mother, SHAKITA WATKINS, and SHAKITA WATKINS, Individually, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 15 C 9231 |
| v. | ) | |
| | ) | Judge |
| MOUNT SINAI MEDICAL CENTER OF | ) | |
| CHICAGO; ACCESS COMMUNITY | ) | Formerly Case No. 15 L 3763 |
| HEALTH NETWORK; EDWARD | ) | Circuit Court of Cook County, Illinois |
| CHARLES LAMPLEY, M.D.; LEONARD | ) | |
| FEINKIND, M.D.; LEMUEL SHAFFER, | ) | |
| M.D.; and ALYSSA VAN DYK, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:  Dorothy Brown                      J.T. Terence Geoghegan
     Clerk of the Circuit Court          John D. Colbert & Associates
     Richard J. Daley Center, Room 801   1925 West Irving Park Road
     50 West Washington Street           Chicago, Illinois 60613
     Chicago, Illinois 60602

     Hall Prangle & Schoonveld, LLC
     200 South Wacker Drive
     Suite 330
     Chicago, Illinois 60606

     The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On April 10, 2015, plaintiffs Charles Wortham, a minor, by his mother, Shakita Watkins, and Shakita Watkins, individually, commenced the above civil action against Access Community Health Network; Edward Charles Lampley, M.D; Leonard Feinkind, M.D.; and Lemuel Shaffer, M.D.; and others, alleging medical malpractice.  A copy of the state court complaint is attached as Exhibit A.  For purposes of this lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.  *See* Exhibit B.  In addition, Edward Charles Lampley, M.D; Leonard Feinkind, M.D.; and Lemuel Shaffer, M.D., were acting within the scope of their employment at Access Community Health Network with respect to the incidents referred to in the complaint.  *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendants Edward Charles Lampley, M.D; Leonard Feinkind, M.D.; and Lemuel Shaffer, M.D., were acting within the scope of their employment at Access Community Health Network with respect to the incidents referred to in the complaint.  Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Access Community Health Network; Edward Charles Lampley, M.D; Leonard Feinkind, M.D.; and Lemuel Shaffer, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Access Community Health Network; Edward Charles Lampley, M.D; Leonard Feinkind, M.D.; and Lemuel Shaffer, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
PETER SULLIVAN
Special Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
peter.sullivan@usdoj.gov

3

Exhibit A

2014817  TG/ji                                          Firm I.D. # 34050

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CHARLES WORTHAM, a minor, by his mother,  )
SHAKITA WATKINS, and SHAKITA WATKINS, )
Individually,                            )
                                         )
          Plaintiffs,                    )
                                         )
     v.                                  )          No:
                                         )
MOUNT SINAI HOSPITAL MEDICAL CENTER )
OF CHICAGO; ACCESS COMMUNITY            )
HEALTH NETWORK; CHARLES LAMPLEY,        )
M.D., LEONARD FEINKIND, M.D.; LEMUEL    )
SHAFFER, M.D., and ALYSSA VAN DYK,      )
M.D.,                                   )
                                         )
          Defendants.                    )

### COMPLAINT AT LAW

NOW COMES, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA

WATKINS, his mother; and by and through her attorneys, JOHN D. COLBERT &

ASSOCIATES, and complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL

CENTER OF CHICAGO, ACCESS COMMUNITY HEALTH NETWORK; CHARLES

LAMPLEY, M.D., LEONARD FEINKIND, M.D., LEMUEL SHAFFER, M.D. and ALYSSA

VAN DYK, M.D., state as follows:

### COUNT I
### (Negligence – Dr. Lemuel Shaffer)

1.      On or about April 13, 2013, and at all times material, MOUNT SINAI

HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-

Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of

Chicago.

2.     On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3.     On or about April 13, 2013, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-For-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

4.     On or about April 13, 2013, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

5.     On or about April 13, 2013, and all times materials, LEMUEL SHAFFER, M.D., ("DR. SHAFFER") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

6.     On or about April 13, 2013, and all times material, MOUNT SINAI undertook to employ obstetricians, such as DR. SHAFFER, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

7.     On or about April 13, 2013, and all times material, ACCESS undertook to employ obstetricians, such as DR. SHAFFER, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

8.     On or about April 13, 2013, and all times materials, DR. SHAFFER was a member of the staff of MOUNT SINAI.

9.     On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

10.     On April 13, 2013, DR. SHAFFER provided medical care and treatment to

2

SHAKITA WATINS and CHARLES WORTHAM, in that he managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

11.     While providing medical care and treatment to SHAKITA WATKINS and CHARLES WORTHAM, DR. SHAFFER was doing so as an employee and agent of MOUNT SINAI.

12.     While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. SHAFFER was doing so as an apparent agent of MOUNT SINAI.

13.      While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. SHAFFER was doing so an employee and agent of ACCESS.

14.      While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. SHAFFER had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

15.     Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. SHAFFER, breached its duties and was negligent in one or more of the following respects:

    (a)     Failed to obtain proper informed consent prior to attempting a vaginal delivery;
    (b)     Failed to order a c-section in a timely manner;
    (c)     Applied excessive traction during the delivery of Charles Wortham;
    (d)     Performed or ordered an episiotomy while infant still at plus 2 station.

16.     Defendant, ACCESS, by and through its employee and agent, DR. SHAFFER, breached its duties and was negligent in one or more of the following respects:

(a)    Failed to obtain proper informed consent prior to attempting a vaginal delivery;

(b)    Failed to order a c-section in a timely manner;

(c)    Applied excessive traction during the delivery of Charles Wortham;

(d)    Performed or ordered an episiotomy while infant still at plus 2 station.

17.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. SHAFFER, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

18.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, ACCESS, by and through its employees and agent, DR. SHAFFER, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

19.    Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA WATKINS, his mother, demands judgment against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEMUEL SHAFFER, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT II
### (Family Expense Act – Dr. Lemuel Shaffer)

1-19.    Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates by reference paragraphs 1 through 19 of Count I, including all subparagraphs, as paragraphs 1

through 19 of Count II.

20.     CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother, and as such has become liable for substantial pecuniary amounts arising out of CHARLES WORTHAM's injuries.  The recovery of the above-mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEMUEL SHAFFER, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT III
### (Negligence – Dr. Charles Lampley)

1.     On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2.     On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3.     On or about April 13, 2013, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-For-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

4.     On or about April 13, 2013, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

5.     On or about April 13, 2013, and all times materials, CHARLES LAMPLEY, M.D., ("DR. LAMPLEY") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

6.     On or about April 13, 2013, and all times material, MOUNT SINAI undertook to employ obstetricians, such as DR. LAMPLEY, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

7.     On or about April 13, 2013, and all times material, ACCESS undertook to employ obstetricians, such as DR. LAMPLEY, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

8.     On or about April 13, 2013, and all times materials, DR. LAMPLEY was a member of the staff of MOUNT SINAI.

9.     On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

10.     On April 13, 2013, DR. LAMPLEY provided medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, in that he managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

11.     While providing medical care and treatment to SHAKITA WATKINS and CHARLES WORTHAM, DR. LAMPLEY was doing so as an employee and agent of MOUNT SINAI.

12.     While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. LAMPLEY was doing so as an apparent agent of MOUNT SINAI.

6

13.     While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. LAMPLEY was doing so an employee and agent of ACCESS.

14.     While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. LAMPLEY had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

15.     Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. LAMPLEY, breached its duties and was negligent in one or more of the following respects:

      (a)     Failed to order follow-up biometrics following the results of biometrics exam of March 9, 2013, at which time the AC was at the 91st percentile and the HC was at the 15th percentile, which should have prompted Dr. Lampley to order follow-up evaluations by Dr. Feinkind.

16.     Defendant, ACCESS, by and through its employee and agent, DR. LAMPLEY, breached its duties and was negligent in one or more of the following respects:

      (a)     Failed to order follow-up biometrics following the results of biometrics exam of March 9, 2013, at which time the AC was at the 91st percentile and the HC was at the 15th percentile, which should have prompted Dr. Lampley to order follow-up evaluations by Dr. Feinkind.

17.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. LAMPLEY, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

18.     As a direct and proximate result of one or more of the foregoing negligent acts

7

and/or omissions of the Defendant, ACCESS, by and through its employees and agent, DR.

LAMPLEY, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but

not limited to, brachial plexus palsy.

19.     Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS

5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA

WATKINS, his mother, demands judgment against Defendant, MOUNT SINAI HOSPITAL

MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and

CHARLES LAMPLEY, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND

DOLLARS) together with the costs of this action.

### COUNT IV
### (Family Expense Act – Dr. Charles Lampley)

NOW COMES, the Plaintiff, SHAKITA WATKINS, individually; and by and through

her attorneys, JOHN D. COLBERT & ASSOCIATES, and complaining of Defendants, ACCESS

COMMUNITY HEALTH NETWORK; and CHARLES LAMPLEY, M.D., state as follows:

1-19.   Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates

by reference paragraphs 1 through 19 of Count III, including all subparagraphs, as paragraphs 1

through 19 of Count IV.

20.     CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother,

and as such has become liable for substantial pecuniary amounts arising out of CHARLES

WORTHAM's injuries.  The recovery of the above-mentioned expenses is set forth under the

provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and CHARLES LAMPLEY, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT V
**(Negligence – Dr. Leonard Feinkind)**

1.      On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2.      On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3.      On or about April 13, 2013, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-For-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

4.      On or about April 13, 2013, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

5.      On or about April 13, 2013, and all times materials, LEONARD FEINKIND, M.D., ("DR. FEINKIND") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

6.      On or about April 13, 2013, and all times material, MOUNT SINAI undertook to

9

employ obstetricians, such as DR. FEINKIND, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

7.    On or about April 13, 2013, and all times material, ACCESS undertook to employ obstetricians, such as DR. FEINKIND, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

8.    On or about April 13, 2013, and all times materials, DR. FEINKIND was a member of the staff of MOUNT SINAI.

9.    On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

10.    On April 13, 2013, DR. FEINKIND provided medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, in that he managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

11.    While providing medical care and treatment to SHAKITA WATKINS and CHARLES WORTHAM, DR. FEINKIND was doing so as an employee and agent of MOUNT SINAI.

12.    While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. FEINKIND was doing so as an apparent agent of MOUNT SINAI.

13.    While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. FEINKIND was doing so an employee and agent of ACCESS.

14.    While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. FEINKIND had a duty to possess and apply the knowledge and

use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

15.     Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. FEINKIND, breached its duties and was negligent in one or more of the following respects:

(a)     Failed to order follow-up biometrics following the results of biometrics exam of March 9, 2013, at which time the AC was at the 91st percentile and the HC was at the 15th percentile, which should have prompted Dr. Feinkind to recommend to Dr. Lampley that follow-up evaluations were necessary.

16.     Defendant, ACCESS, by and through its employee and agent, DR. FEINKIND, breached its duties and was negligent in one or more of the following respects:

(a)     Failed to order follow-up biometrics following the results of biometrics exam of March 9, 2013, at which time the AC was at the 91st percentile and the HC was at the 15th percentile, which should have prompted Dr. Feinkind to recommend to Dr. Lampley that follow-up evaluations were necessary.

17.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. FEINKIND, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

18.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, ACCESS, by and through its employees and agent, DR. FEINKIND, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but

not limited to, brachial plexus palsy.

19.     Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA WATKINS, his mother, demands judgment against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEONARD FEINKIND, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT VI
### (Family Expense Act – Dr. Leonard Feinkind)

NOW COMES, the Plaintiff, SHAKITA WATKINS, individually; and by and through her attorneys, HEALY SCANLON, and complaining of Defendants, ACCESS COMMUNITY HEALTH NETWORK; and LEONARD FEINKIND, M.D., state as follows:

1-19.   Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates by reference paragraphs 1 through 19 of Count V, including all subparagraphs, as paragraphs 1 through 19 of Count VI.

20.     CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother, and as such has become liable for substantial pecuniary amounts arising out of CHARLES WORTHAM's injuries. The recovery of the above-mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO;

12

ACCESS COMMUNITY HEALTH NETWORK; and LEONARD FEINKIND, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT VII
### (Negligence – Dr. Alyssa Van Dyk)

1.      On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2.      On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3.      On or about April 13, 2013, and all times materials, ALYSSA VAN DYK, M.D., ("DR. VAN DYK") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

4.      On or about April 13, 2013, and all times material, MOUNT SINAI undertook to employ obstetrical residents, such as DR. VAN DYK, for the purpose of providing medical services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

5.      On or about April 13, 2013, and all times materials, DR. VAN DYK was a member of the staff of MOUNT SINAI.

6.      On April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

7.      On April 13, 2013, DR. VAN DYK provided medical care and treatment to

SHAKITA WATINS and CHARLES WORTHAM, in that she managed the labor of SHAKITA WATKINS and delivered CHARLES WORTHAM.

8.    While providing medical care and treatment to SHAKITA WATKINS and CHARLES WORTHAM, DR. VAN DYK was doing so as an employee and agent of MOUNT SINAI.

9.    While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. VAN DYK was doing so as the agent of MOUNT SINAI.

10.   While providing medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, DR. VAN DYK had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

11.   Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. VAN DYK, breached its duties and was negligent in one or more of the following respects:

  (a)   Failed to obtain proper informed consent prior to attempting a vaginal delivery;
  (b)   Failed to order a c-section in a timely manner;
  (c)   Applied excessive traction during the delivery of Charles Wortham;
  (d)   Performed or ordered an episiotomy while infant still at plus 2 station.

12.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR.VAN DYK, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

13.   Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-

622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA

WATKINS, his mother, demands judgment against Defendant, MOUNT SINAI HOSPITAL

MEDICAL CENTER OF CHICAGO; and ALYSSA VAN DYK, M.D., in an amount in excess

of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

### COUNT VIII
### (Family Expense Act – Dr. Alyssa Van Dyk)

1-13.   Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates

by reference paragraphs 1 through 13 of Count VII, including all subparagraphs, as paragraphs 1

through 13 of Count VIII.

14.     CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother,

and as such has become liable for substantial pecuniary amounts arising out of CHARLES

WORTHAM's injuries.  The recovery of the above-mentioned expenses is set forth under the

provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment

against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; and

ALYSSA VAN DYK, M.D., in an amount in excess of $50,000 (FIFTY THOUSAND

DOLLARS) together with the costs of this action.

### COUNT IX
### (Negligence – Mount Sinai Hospital Medical Center of Chicago - Nurses)

NOW COMES, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA

WATKINS, his mother; and by and through her attorneys, HEALY SCANLON, and complaining

of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, state as follows:

1.     On or about April 13, 2013, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-For-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2.     On or about April 13, 2013, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3.     On or about April 13, 2013, and all times material, MOUNT SINAI undertook to employ nurses for the purpose of providing nursing services to individuals like SHAKITA WATKINS and CHARLES WORTHAM.

4.     On or about April 13, 2013, SHAKITA WATKINS was admitted to the labor and delivery department of MOUNT SINAI.

5.     On April 13, 2013, nurses provided medical care and treatment to SHAKITA WATINS and CHARLES WORTHAM, during the labor of SHAKITA WATKINS and delivery of CHARLES WORTHAM.

6.     While providing nursing care and treatment to SHAKITA WATKINS and CHARLES WORTHAM, the nurses were doing so as employees and agents of MOUNT SINAI.

7.     While providing medical care and treatment the SHAKITA WATKINS and CHARLES WORTHAM, DR. VAN DYK was doing so as an apparent agent of MOUNT SINAI.

8.     While providing nursing care and treatment to SHAKITA WATINS and CHARLES WORTHAM, the nurses had a duty to possess and apply the knowledge and use the

16

skill and care that a reasonably careful labor and delivery nurse would use in the same or similar circumstances.

9.     Defendant, MOUNT SINAI, by and through its nurses, breached its duties and was negligent in one or more of the following respects:

      (a)    Failed to properly assess SHAKITA WATKINS;
      (b)    Failed to advocate for SHAKITA WATKINS and CHARLES WORTHAM.

10.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its nurses, CHARLES WORTHAM suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy.

11.     Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, CHARLES WORTHAM, a minor, by SHAKITA WATKINS, his mother, demands judgment against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT X
**(Family Expense Act – Mount Sinai Hospital Medical Center of Chicago - Nurses)**

1-11.     Plaintiff, SHAKITA WATKINS, individually, restates, realleges and incorporates by reference paragraphs 1 through 11 of Count IX, including all subparagraphs, as paragraphs 1 through 11 of Count X.

12.     CHARLES WORTHAM is a minor; and SHAKITA WATKINS is his mother,

and as such has become liable for substantial pecuniary amounts arising out of CHARLES

WORTHAM's injuries. The recovery of the above-mentioned expenses is set forth under the

provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, SHAKITA WATKINS, individually; demands judgment

against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; in an

amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this

action.

Respectfully submitted,

JOHN D. COLBERT & ASSOCIATES

By:_____

J.T. Terence Geoghegan

J.T. Terence Geoghegan, Esq.
**JOHN D. COLBERT & ASSOCIATES**
1925 West Irving Park Road
Chicago, Illinois 60613
(773) 435-0173
**Firm I.D. # 34050**

18

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHARLES WORTHAM, a minor, by his mother,  )
SHAKITA WATKINS, and SHAKITA WATKINS, )
Individually,  )
  )
    Plaintiffs,  )
  )
  )    No:
    v.  )
  )
MOUNT SINAI HOSPITAL MEDICAL CENTER )
OF CHICAGO; ACCESS COMMUNITY  )
HEALTH NETWORK; CHARLES LAMPLEY,  )
M.D., LEONARD FEINKIND, M.D.; LEMUEL )
SHAFFER, M.D., and ALYSSA VAN DYK,  )
M.D.,  )
  )
    Defendants.  )

## 735 ILCS 5/2-622 ATTORNEY'S AFFIDAVIT

I, J.T. TERENCE GEOGHEGAN, being first duly sworn on oath, do hereby state that I

have personal knowledge of the matter set for in this Affidavit and if called as a witness would

competently testify as follows:

    1.    I am one of the attorneys for the Plaintiffs.

    2.    I have consulted and reviewed the facts of this case with health

professionals who I reasonably believe; (a) are knowledgeable in the relevant issues

involved in this particular action; (b) practice or have practiced within the last six (6)

years, or teach or have taught within the last six (6) years in the same area of health care

or medicine that are at issue in this particular action, and; (iii) are qualified by experience

or demonstrated a competence in the subjects of this case. That the reviewing health



professionals have determined in a written report, after a review of the medical records and other relevant medical materials involved in this particular action, that there is a reasonable and meritorious cause for filing of this action. The affiant has concluded on the basis of the reviewing health professional's review and consultation that there is reasonable and meritorious cause for filing this action.

3. The Plaintiffs have not previously voluntarily dismissed an action based upon the same or substantially the same facts, omissions or occurrences.

**FURTHER AFFIANT SAYETH NOT.**

J.T. Terence Geoghegan

Subscribed and sworn to before me
this _____10th_____ day of _____April_____, 2015.

NOTARY PUBLIC

OFFICIAL SEAL
ROSE ANN KAVANAUGH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/03/18

J.T. Terence Geoghegan, Esq.
**JOHN D. COLBERT & ASSOCIATES**
1925 West Irving Park Road
Chicago, Illinois 60613
(773) 435-0173
**Firm I.D. # 34050**

Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Charles Wortham, a minor, by his mother Shakita Watkins, and Shakita Watkins, individually v. Mount Sinai Hospital Medical Center, et al.,* No. 2015 L 3763 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Edward Charles Lampley, M.D., Leonard Feinkind, M.D., and Lemuel Shaffer, M.D., were acting within the scope of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Access Community Health Network Edward, Edward Charles Lampley, M.D., Leonard Feinkind, M.D., and Lemuel Shaffer, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: October 14, 2015